UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRIANDA REGINO VALLE,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No.:  26v3450-LL-GC

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 8]

Before the Court is Petitioner Brianda Regino Valle's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 8 ("Pet."). Respondents filed a Return [ECF No. 9 ("Ret.")], and Petitioner filed a Traverse [ECF No. 10]. For the reasons set forth below, the Court **GRANTS** the Amended Petition and **ORDERS** an immediate release.

**I.      BACKGROUND**

Petitioner, a native of Mexico, entered the United States without detection in 1996 and has since lived in Florida. ECF No. 9-1, Declaration of Brianda Regino Valle ("Valle Decl.") ¶ 1. Since 1996, Petitioner has never been detained by ICE or removed from the country. *Id*. ¶ 2. Petitioner has five children who are U.S. citizens. *Id*. ¶ 3. Petitioner has a conviction from 2014 for driving under the influence ("DUI"). *Id*. ¶ 4. She was sentenced

1

to one year of probation. Ret. at 2. On December 27, 2025, Petitioner was arrested on several charges and brought to jail. Valle Decl. ¶ 4. Four days later, she was transferred to ICE custody. *Id*. Petitioner has been in immigration detention since December 31, 2025 without a bond hearing. *Id*. ¶ 5. Petitioner claims that she was never shown a warrant for her detention. *Id*. Respondents do not dispute this. ECF No. 12.

On May 1, 2026, an immigration judge ordered Petitioner's removal. Valle Decl. ¶ 6. On May 26, 2026, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). *Id*. Petitioner states that if the BIA dismisses her appeal, she plans to appeal the decision to the Ninth Circuit. *Id*.

On May 26, 2026, Petitioner filed the instant Amended Petition, alleging that she is wrongfully detained under 8 U.S.C. § 1225(b), instead of § 1226(a), and that she was arrested without a warrant. Pet. at 4–10. She seeks a writ of habeas corpus directing Respondents to immediately release her from custody, or in the alternative, an individualized bond hearing. *Id*. at 11. Respondents filed a two-page response that they would "not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." Ret. at 1–2. Respondents further provided that Petitioner was convicted of DUI in 2014 and was sentenced to one year of probation.

On June 30, 2026, this Court issued a Minute Order, ordering Respondents to "respond to Petitioner's argument that she was arrested without a warrant and if so, what the appropriate remedy would be." ECF No. 11. On July 6, 2026, Respondents responded that "they do not have information regarding a warrant." ECF No. 12 at 1.

## II.    LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within

2

the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## III. DISCUSSION

Petitioner argues, and Respondents do not contest, that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See generally* Pet.; Ret. However, the parties disagree as to whether a bond hearing or release is warranted in this case. *See id.* The Court finds that immediate release, rather than a bond hearing, is the appropriate remedy for this case.

Under 8 U.S.C. § 1226(a), a noncitizen may only be arrested and detained pending a decision on removal "[o]n a warrant issued by the Attorney General." In other words, the "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (quoting *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025)). When the government does "not comply with the plain language of section 1226(a), [a petitioner's] immediate release is justified." *Chogllo Chafla*, 804 F. Supp. 3d at 264; *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (internal citation omitted)).

Here, Petitioner contends, and Respondents do not dispute, that Petitioner was arrested by ICE without a warrant as required by 8 U.S.C. § 1226(a). *See generally* Pet.; Ret. Unlike other cases where Respondents provided, upon Court's request, evidence of administrative warrants that were issued on the same day of the arrest, Respondents here state "they do not have information regarding a warrant." ECF No. 12 at 1. In addition, Respondents failed to address this Court's question regarding what the appropriate remedy should be when there is no administrative warrant issued.

3

26cv3450-LL-GC

Under the circumstances presented here, where there is no evidence of an administrative warrant, the Court concludes that Petitioner's arrest and detention are unauthorized and that the appropriate remedy[1] is release. *See e.g.*, *J.P.C. v. Chestnut*, No. 1:26-CV-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026) (ordering petitioner's immediate release where there was no evidence that the government issued a warrant for petitioner's arrest when he was detained); *Mayen v. Warden, California City Det. Ctr.*, No. 1:26-CV-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (same); *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (holding that "[r]elease is an available and appropriate remedy for detention that lacks a lawful predicate."); *J.A.C.P.*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 ("Since the Government did not comply with the plain language of section 1226(a), petitioner's immediate release is justified.")

Lastly, the Court is mindful of the fact that Petitioner has a DUI conviction from 2014 and that she was detained by ICE after being arrested for "several charges." In fact, 8 U.S.C. § 1226(c)(1) provides an exception in which immigration authorities "shall take into custody" any noncitizen involved in certain enumerated criminal activities. However, none of those criminal activities is at issue here, and Respondents do not argue otherwise.

/ / /

/ / /

---

[1] At this time, this Court finds that release is the appropriate remedy based on the facts of this particular case as the facts are distinguishable from those in *Lopez-Perez v. Johnson*, No. 1:26-CV-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026). Specifically, the court in *Lopez-Perez* noted that because "Respondents have maintained since [petitioner's] arrest that [petitioner] is [] subject to mandatory detention under § 1225(b)(2), the forty-eight-hour custody determination clock begins to run at the time of this Court's determination that [petitioner] is subject to § 1226(a)." *Id*. However, Respondents here conceded in their Return that they would not oppose subjecting Petitioner to § 1226(a). Ret. at 1–2.

## IV.   CONCLUSION

For the reasons above, the Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and **ORDERS** Respondents to immediately release Petitioner. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated:  July 17, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv3450-LL-GC